JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SA 22-cv-01921-DOC-DFMDate: January 10, 2023

Title: ALLISON C. MEYER v. FORD MOTOR COMPANY

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER DISMISSING CASE FOR LACK OF JURISDICTION**

Before the Court is Plaintiff Allison Meyer's ("Plaintiff") Supplemental Brief Regarding Subject Matter Jurisdiction ("Pl.'s Brief" or "Pl.'s Br.") (Dkt. 21) and Defendant Ford Motor Company's ("Ford" or "Defendant") Supplemental Brief Regarding Subject Matter Jurisdiction ("Def.'s Brief" or "Def.'s Br.") (Dkt. 22). The parties filed their brief in response to the Court's January 4, 2023 Order (Dkt. 20).

For reasons set forth below, the Court DISMISSES this action for lack of subject matter jurisdiction.

### I.Background

This action arises from Plaintiff's purchase of a 2017 Ford Fusion ("Subject Vehicle") that, according to Plaintiff, exhibited defects that Defendant failed to repair within a reasonable number of repair opportunities. Plaintiff purchased the Subject Vehicle on May 4, 2017 for $22,993.06, inclusive of a $2,500 manufacturer's rebate. Compl. ¶ 12 (Dkt. 1).

On February 10, 2022, Plaintiff filed a state court action against Defendant in the Superior Court of California for the County of Los Angeles, for claims of Breach of

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA 22-CV-01921-DOC-DFM                                                                 Date: January 10, 2023
                                                                                                                              Page 2

Express Warranty; Breach of Implied Warranty; and Violation of the Song-Beverly Act. *See* Def.'s Br. at 2 (Dkt. 22); Complaint, *Meyer v. Ford*, No. 22STCV05308 (Cal. Sup. Ct. filed Feb. 10, 2022) ("State Court Complaint") (Dkt. 22-1). Defendant subsequently filed a Motion to Compel Arbitration and to Stay Action. *See id*. On October 19, 2022, Plaintiff voluntarily dismissed the state court action. *Id.*

On October 20, 2022, Plaintiff filed the instant action in federal court, alleging breach of express and implied warranties under the Song-Beverly Act ("the Act") arising out of her purchase of the Subject Vehicle. *See generally* Compl. Plaintiff asserts its claim meets the jurisdictional threshold required under 28 U.S.C. § 1332 (a) "because the amount of recovery sought by Plaintiff exceeds the jurisdictional amount of $75,000.00, and there is complete diversity amongst the parties." Compl. ¶ 11.

On January 4, 2023, the Court ordered the parties to file supplemental briefings of no more than 10 pages regarding jurisdiction and continued the scheduling conference to January 17, 2023 at 4:30 PM.

## II.     Legal Standard

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).  "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action ...." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002); *see also United Investors Life Ins. Co. v. Waddell & Reed*, Inc., 360 F.3d 960, 966 (9th Cir. 2004) ("Here the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not.").

In order for this Court to sit in diversity jurisdiction, it must be facially plausible from the complaint that the amount in controversy exceeds $75,000; the amount in controversy is determined by looking to the plaintiff's good faith allegations as to damages in the complaint. *See* 28 U.S.C. § 1332; *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938); *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010). Normally, this burden is satisfied if the plaintiff claims a sum greater than the jurisdictional requirement. *Id*. at 288–89; *Pachinger v. MGM Grand Hotel–Las Vegas, Inc.*, 802 F.2d 362, 363 (9th Cir.1986). "[W]hen a complaint filed in a state court alleges on its face an amount in controversy

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA 22-CV-01921-DOC-DFM　　　　　　　　　　　　　　　Date: January 10, 2023
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 3

sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." *Guglielmino McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (citing *Sanchez v. Monumental Life Ins.*, 102 F.3d 398 (9th Cir. 1996)).

### III. Discussion

Plaintiff maintains that this Court has diversity jurisdiction in this action because "[t]he Subject Vehicle, as reflected in the sales contract, has an approximate value of $22,993.06," and Plaintiff "seek[s] general, special, and actual damages, as well as civil penalties, up to two times the amount of actual damage" pursuant to the Song-Beverly Act. *Id.* ¶ 12. "As such, Plaintiff seeks damages in the approximate amount of $68,979.18" in addition to "reasonable attorneys' fees, costs, and expenses under the Act." *Id.*

Upon review of the damages at issue, however, this Court finds that Plaintiff cannot recover in excess of $75,000. Plaintiff purchased the Subject Vehicle for $22, 993.06, inclusive of a $2,500 manufacturer's rebate. Even a repurchase of the Subject Vehicle and two times that amount as civil penalties—which is the maximum amount recoverable under the Song-Beverly Warranty Act—still brings the amount in controversy under the threshold amount, to approximately $68, 979.18. Compl. ¶12.

The Court does not include attorneys' fees to meet the amount in controversy requirement. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees *may* be included in the amount in controversy.") (emphasis added). Here, even if Plaintiff paid for the Subject Vehicle in full and received the maximum amount of civil penalties, the amount in controversy would still not exceed $75,000.00.

Accordingly, the Court DISMISSES the action WITH PREJUDICE. *See* Fed. R. Civ. P. 12(h)(3) (if court determines at any time that it lacks subject matter jurisdiction, it must dismiss action); *Fiedler v. Clark*, 714 F.2d 77, 78 (9th Cir. 1983).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SA 22-CV-01921-DOC-DFM | Date: January 10, 2023 |
| | Page 4 |

**IV.   Disposition**

For the reasons set forth above, the Court **DISMISSES** the action **WITH PREJUDICE**. The Scheduling Conference currently set for January 17, 2023 is accordingly **VACATED**.

The Clerk shall serve this minute order on the parties.

| | |
|---|---|
| MINUTES FORM 11<br>CIVIL-GEN | Initials of Deputy Clerk: kdu |